UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN ROBINSON, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 3:23cv1208 (MPS) |
| : | consolidated with |
| : | 3:23cv1307 |
| NICK RODRIGUEZ, et al., : | |
|     Defendants. : | |

## RULING ON MOTION TO DISMISS

The *pro se* plaintiff, Shawn Robinson, is a sentenced inmate confined at the Corrigan-Radgowski Correctional Center ("Corrigan").[1] He is proceeding in this civil rights action under 42 U.S.C. § 1983 on claims of (1) Fourteenth Amendment procedural due process violation against Lieutenants Bowers and Nickols; (2) Eighth Amendment violation against Lieutenants Bowers and Nickols for deliberate indifference to his need for a mattress and meals during his confinement in the A&P holding cell; and (3) Eighth Amendment violation against Unit Staff M. Laghari for his deliberate indifference to his mattress deprivation during his confinement in Cell A-222. ECF No. 20.

On June 10, 2024, Defendant Laghari filed a motion to dismiss the Eighth Amendment claim. ECF No. 33. Defendant has submitted a "Notice to Self-Represented Litigant Concerning Motion to Dismiss" in compliance with Local Rule 12. *See* ECF No. 33-1; D. Conn. L. Civ. R. 12.

On August 7, 2024, the Court advised Plaintiff his deadline to file a response to Defendant Laghari's motion to dismiss was July 1, 2024. ECF No. 40. The Court's Order

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). The Connecticut DOC website reflects Plaintiff was sentenced to fifty-five years of incarceration on September 4, 1987. *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=148846.

afforded Plaintiff the opportunity to file his response to the motion by August 23, 2024, and it informed him that the Court would rule on the motion to dismiss without the benefit of his response if he failed to file his response by that date. *Id.* To date, Plaintiff has not filed any response to the motion to dismiss. Nor has Plaintiff requested an extension of time to do so.

Upon review, and absent any objection, the Court grants the motion to dismiss for the following reasons.

## I.   ALLEGATIONS

The Court considers the facts alleged in the complaint to be true for purposes of ruling on this motion to dismiss. This ruling includes only those facts relevant to the motion.

On September 11, 2020, Plaintiff transferred to Corrigan, where he was placed in the Alpha Unit, Cell A-222, which had no mattress for him to sleep on.

On September 12, 2020, Unit Staff Laghari notified the medical unit and Lieutenant Bowers that he wanted Plaintiff moved out of his unit because Plaintiff refused to test for COVID-19.

Plaintiff was moved to an Admitting and Processing ("A&P") holding cell, where he was allegedly deprived of a mattress and meals for three days.

## II.   STANDARD OF REVIEW

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557).

Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the nonmovant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

Although a *pro se* complaint must be liberally construed "to raise the strongest arguments it suggests," *pro se* litigants are nonetheless required to "state a plausible claim for relief." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (brackets and internal quotation marks and citations omitted).

**III.   DISCUSSION**

Defendant Laghari asserts that Plaintiff cannot state a plausible Eighth Amendment claim for alleged indifference to Plaintiff's mattress deprivation during his one-day confinement in Cell A-222.

The Eighth Amendment, which forbids cruel and unusual punishment, has been interpreted to prohibit conditions in state prisons that subject incarcerated individuals to the "wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). In order to constitute an Eighth Amendment violation, however, a condition must be "sufficiently serious" such that it results in a deprivation of "the minimal civilized measure of life's

necessities." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (citation omitted). Even where a condition meets that high bar, a plaintiff seeking to hold prison officials liable under the Eighth Amendment must additionally allege that in subjecting inmates to the particular condition, "the defendant official acted with a sufficiently culpable state of mind.... such as deliberate indifference to inmate health or safety." *Id.* (citation omitted). Those two requirements—a sufficiently serious condition and culpable state of mind—are often referred to as the "objective" and "subjective" elements required for stating a plausible Eighth Amendment claim. *See, e.g., Brock v. Wright*, 315 F.3d 158, 162-64 (2d Cir. 2003).

Conditions are objectively serious enough to implicate the Eighth Amendment where, alone or in combination, they produce "deprivation of a single, identifiable human need such as food, warmth, or exercise." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). The Constitution does not permit "inhumane" prisons, but it does not "mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). There is no bright-line rule or "static test to determine whether a deprivation is sufficiently serious; the conditions themselves must be evaluated in light of contemporary standards of decency." *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012).   In addition, the length of time an inmate is subjected to the condition is relevant in determining whether it is sufficiently serious. *See Hutto v. Finney*, 437 U.S. 678, 686 (1978) ("the length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards."). A temporary or limited exposure to a condition may not amount to an Eighth Amendment violation. *White v. Smith*, No. 2021 WL 5989600, at *8 (N.D.N.Y. Oct. 15, 2021); *Beauvoir v. Falco*, 345 F. Supp. 3d 350, 374 (S.D.N.Y. 2018) ("Deprivations of such mild duration and severity do not rise to the level of being considered cruel and unusual treatment

4

under the Constitution."); *Ford v. Phillips,* 2007 WL 946703, at *9 (S.D.N.Y. Mar. 27, 2007) (holding that, as a matter of law, minor and temporary deprivations of property, showers and recreation do not violate the Eighth Amendment). Thus, the inquiry focuses on the duration and severity of the condition. *Willey v. Kirkpatrick*, 801 F.3d 51, 68 (2d Cir. 2015).

Plaintiff does not counter Defendant's argument that his one-day mattress deprivation during his confinement in Cell A-222 cannot support an Eighth Amendment violation. The Court agrees with the Defendant.

An unnecessary deprivation of bedding can rise to the level of a constitutional violation. *See Bell v. Luna*, 856 F. Supp. 2d 388, 398 (D. Conn. 2012). But Plaintiff alleges no facts to suggest that his one-day mattress deprivation was severe or exposed him to any serious harm beyond temporary discomfort. *See, e.g. Trammell v. Keane*, 338 F.3d 155, 165 (2d Cir. 2003) ("Deprivation of ... toiletries [other than toilet paper] for approximately two weeks-while perhaps uncomfortable-does not pose such an obvious risk to an inmate's health or safety...."); *Davis v. Chapple,* No. 07–cv–321 (GTS/DRH), 2009 WL 6312502 at *13 (N.D.N.Y. Nov. 4, 2009) (Report & Recommendation), *adopted* at, 2010 WL 985763 (N.D.N.Y. Mar.16, 2010) (deprivation of a mattress for three days did not constitute an objectively serious harm); *Tapp v. Taylor,* No. 05–CV–1442 (LEK/DRH), 2009 WL 2473499 at *4–*5 (N.D.N.Y. July 16, 2009) (inmate housed naked and without a mattress for five hours did not constitute an Eighth Amendment violation). Accordingly, Plaintiff has not alleged facts to support an objectively serious condition based on his one-day mattress deprivation in Cell A-222 as required for a plausible Eighth Amendment claim.

Defendant argues further that Plaintiff's allegations do not satisfy the subjective

5

component. The Court agrees. Generally, a defendant cannot be aware that a plaintiff would be subjected to a substantial risk of harm as a result of their actions or inactions with respect to a condition that is not sufficiently serious to implicate an Eighth Amendment violation. *See Blaine v. Burnes*, No. 3:20CV1039 (KAD), 2020 WL 5659101, at *7 (D. Conn. Sept. 23, 2020) ("it is all but axiomatic that where the condition itself is not sufficiently serious, there can be no finding that the defendants were aware that he would be subjected to a substantial risk of harm as a result of their actions or inactions with respect to his treatment for the condition.").

Accordingly, Defendants' motion must be granted because Plaintiff has not alleged a plausible claim of Eighth Amendment violation against Defendant Laghari.

## IV.     CONCLUSION

For the foregoing reasons, and absent any response from Plaintiff, the Court GRANTS Defendant Laghari's motion to dismiss [ECF No. 33].

Because Plaintiff has not presented any response to suggest that he may be able to state a plausible Eighth Amendment claim against Laghari, the Court will not afford Plaintiff an opportunity to file an amended complaint to correct the deficiency of this claim as identified in this Ruling. The clerk is instructed to terminate Defendant Laghari from this action.

Defendant's motion for an extension of time (ECF No. [43]) is DENIED as moot.

**SO ORDERED** this 19th day of September 2024, at Hartford, Connecticut.

_____/s/_____
Michael P. Shea
United States District Judge